

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

JASON BOATRIGHT, RYAN CHAPMAN,　　)
ANN LE, BRYAN MARSHALL,　　　　　　)
and all others similarly situated,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
AEGIS DEFENSE SERVICES LLC,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　)
　　　　　　　　　　　　　　　　　　)

Civil Action No. *1:13cv91*
*JCC/IDD*

JURY DEMANDED

### CLASS ACTION COMPLAINT AND JURY DEMAND

## I.  <u>INTRODUCTION</u>

1.　　This is a class action brought on behalf of individuals
("Employees") working for Aegis Defense Services, LLC ("Aegis" or "the
Company") in Kabul, Afghanistan.

2.　　The Employees and Aegis signed employment agreements
("Contracts") establishing a regular work schedule of seventy-two hours per
week – twelve hours per day, six days per week ("Regular Schedule").  The
Contracts expressly and impliedly entitle the Employees to additional
compensation for work hours exceeding the Regular Schedule.  Employees
routinely work hours in excess of this schedule, but the company has not
compensated them for this extra work.  Aegis' failure to compensate Employees
for work in excess of the Regular Schedule constitutes breach of contract under
Delaware law and also violates the Delaware Wage Payment and Collection Act

("WPCA"). Additionally, Aegis is liable to Employees under the Delaware common-law doctrines of quantum meruit, unjust enrichment, breach of the covenant of good faith and fair dealing, and promissory estoppel.

3.     The Contracts identify specific positions for Employees to fill in Afghanistan, but Aegis has assigned Employees to positions that are different from these contracted-for positions and associated with higher rates of pay. Aegis established a policy whereby Employees assigned to more highly paid positions for more than five days are entitled to the higher rate of pay associated with the position in question. However, Aegis has failed to compensate Employees assigned to more highly paid positions for more than five days at the appropriate higher rate of pay, in violation of its own policy. Aegis' failure to do so constitutes breach of contract under Delaware law and also violates the WPCA. Additionally, Aegis is liable to affected Employees for this violation under the Delaware common-law doctrines of quantum meruit, unjust enrichment, breach of the covenant of good faith and fair dealing, and promissory estoppel.

4.     The named plaintiffs bring claims on behalf of themselves and a national class of similarly situated Employees under Rule 23 of the Federal Rules of Civil Procedure.

5.     On behalf of the class, Plaintiffs seek restitution of all wages of which they were deprived, and all other relief to which they are entitled, including liquidated damages, attorneys' fees, and costs.

## II.   **PARTIES**

6.     Plaintiff Jason Boatright is a resident of Tennessee.  From approximately May to August 2012, Mr. Boatright was employed as an Emergency Medical Technician I/PSS by Aegis in Kabul, Afghanistan.

7.     Plaintiff Ryan Chapman is a resident of Massachusetts.  From approximately May to June 2012, Mr. Chapman was employed as an Emergency Medical Technician I/PSS by Aegis in Kabul, Afghanistan.

8.     Plaintiff Ann Le is a resident of Texas.  Since approximately May 2012, Ms. Le has been employed as a Detection Dog/Canine Handler by Aegis in Kabul, Afghanistan.

9.     Plaintiff Bryan Marshall is a resident of California.  From approximately May to August 2012, he was employed as a Senior Guard by Aegis in Kabul, Afghanistan.

10.    The above-named plaintiffs bring this action on their own behalves and on behalf of all others similarly situated, namely all other current or former employees of Aegis who are U.S. residents, were deployed in Afghanistan, and were deprived of wages due to them.  This class satisfies the requirements of Federal Rule of Civil Procedure 23.

11.    Defendant Aegis Defense Services, LLC is a Delaware corporation that provides security services world-wide for clients such as the United States Department of State ("DoS").

III.   **JURISDICTION AND VENUE**

12.    This Court has diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  There is minimal diversity among the parties, and the amount in controversy exceeds $5 million.

13.    Venue is proper in this court because Aegis operates a principal place of business in Arlington, Virginia and Aegis has contractually agreed to the propriety of venue in this Court.

IV.   **STATEMENT OF FACTS**

14.    Aegis provides security services U.S. Embassy personnel in Kabul, Afghanistan under the DoS Worldwide Protective Service ("WPS") contract.

15.    Among other things, the WPS contract contemplates Aegis staffing various security-related positions and billing DoS for the employees' services.

16.    Aegis requires its employees, including the named plaintiffs in this case, to sign its International Assignment Employment Agreement, which governs their employment and compensation.

17.    Aegis' employment agreement contains a provision stating that "[t]his Agreement shall be interpreted under the law of Delaware."

A.    **Failure to pay for work beyond the standard work schedule**

18.    Aegis' employment contract states that "[t]he standard work week comprises of a 12 hour shift, 6 days per week.  The work week is general seventy-two (72) hours."

4

19.     The contract goes on to state that employees may be required to work beyond their regularly scheduled shifts, but, if so, they "will be compensated accordingly."

20.     Based on Plaintiffs' understanding of their employment agreements, Plaintiffs expected to be compensated for any work hours beyond the Regular Schedule at the time they signed the agreements.

21.     At the time Aegis signed the employment agreements, it was on notice that Plaintiffs expected to be paid for any work beyond the Regular Schedule.

22.     In accordance with their employment agreements, Plaintiffs were deployed to Kabul, Afghanistan at various times in 2012.

23.     Aegis' employees in Afghanistan, including all of the named plaintiffs, have regularly worked hours in excess of the Regular Schedule, including many occasions on which they work 14 to 18 hour days, six or seven days per week.

24.     Aegis requires its employees in Afghanistan to record their work hours in an online database.

25.     Aegis' agents directed the named plaintiffs and its other employees in Afghanistan not to record any hours beyond the Regular Schedule despite the fact that their hours exceeded the Regular Schedule.

26.     At Aegis' direction, Employees sometimes underreported their hours so that their timesheets did not reveal any work beyond the Regular Schedule.

27.     Additionally, Aegis supervisors regularly edited employees' timesheets so that they did not reveal any work beyond the Regular Schedule.

28.     Despite knowing that the employees regularly work more than 72 hours per week and despite the promise in the employment agreement that "Employees will be compensated accordingly" if they work more than 72 hours per week, Aegis has not compensated Employees for work hours beyond the Regular Schedule.

29.     Aegis' failure to compensate the Employees for work beyond the Regular Schedule has harmed the Employees in unlawfully depriving them of wages.

30.     The Employees' performance of work beyond the Regular Schedule was of value to Aegis in that it allowed Aegis to fulfill its obligations to DoS for staffing positions for protective services in Kabul.

**B.     Failure to compensate Employees at proper rates**

31.     Each Employee's specific contract dictates a specific position that the Employee is expected to fill under his or her contract.

32.     The positions specified in the Employee's contracts correspond with positions requested by DoS in the WPS contract.

33.     Different positions are associated with different rates of pay.

34.     Some Employees, including Plaintiff Marshall, were assigned to positions that were different from the positions listed in their contracts and associated with higher rates of pay than the rates listed in their contracts.

35.    Aegis established a policy whereby Employees who fill more highly paid positions are entitled to the rate of pay associated with the more highly paid position. According to this policy, employees are entitled to payment at the rates established for the more highly paid position if the employee remains in the position associated with a higher rate of pay for more than five days.

36.    Aegis regularly assigns employees to more highly paid positions for more than five days and does not pay them at the rate of pay of the more highly paid position, in violation of its own policy.

37.    For example, Plaintiff Marshall was frequently assigned to a more highly paid position during the time when he worked for Aegis.

38.    When Plaintiff Marshall was assigned to a more highly paid position, he expected to be compensated at the higher rate associated with the more highly paid position.

39.    Aegis has failed to pay Plaintiff Marshall at the higher rate of pay associated with the more highly paid position in which he worked.

40.    Other employees have similarly been assigned to more highly paid positions without being paid at the higher rate.

41.    Employees' services in more highly paid positions are of value to Aegis because Aegis is able to bill DoS for the employees' services at the higher pay rate under the WPS contract.

42.    Aegis has been able to bill DoS at a higher rate for Employees' work under more highly paid positions than it could have if the Employees filled the contractor-for positions.

43.   Aegis' failure to pay Employees at the rate associated with the more highly paid positions harmed them in unlawfully depriving them of wages.

## V.   **CLASS ALLEGATIONS**

44.   This action is brought on behalf of all Employees presently or formerly employed by Aegis in Afghanistan who have been denied wages owed to them under Aegis' own contracts and policies, including wages for hours beyond the Regular Schedule and/or for filling a more highly paid position for more than five days.

45.   The requirements of Federal Rule of Civil Procedure 23 are met in that:

(a)   The class is so numerous that joining all members is impracticable. The exact number of members of the class is not known, but it is estimated that there are not less than 200 members. The class members are geographically disbursed between Afghanistan, other overseas locations, and locations across the United States; have limited resources; and are unlikely to institute individual actions.

(b)   The named Plaintiffs are adequate representatives of the class because they were hired by Aegis and received neither pay for work beyond the Regular Schedule nor higher wages for filling more highly paid positions. They have been

8

injured by this treatment in the same manner as other class members.

(c)     There are common questions of law and fact applicable to the entire class, including, but not limited to, the question of whether Plaintiffs and other class members were entitled to be paid for work beyond the Regular Schedule and the question of whether Plaintiffs and other class members were entitled to higher rates of pay for filling more highly paid positions for more than five days.

(d)     The claims of the named Plaintiffs are representative of and typical of the class and the named Plaintiffs and their Counsel will fairly and adequately protect the interests of the class.  The named Plaintiffs have no interest adverse to or in conflict with other class members.  Plaintiffs' Counsel are experienced and competent in prosecuting large, complex employment class actions.

(e)     The class should be certified as a class action to, among other things, avoid the risk of inconsistent or varying adjudications and because final injunctive and/or declaratory relief is appropriate with respect to the class as a whole, and because common questions of law and fact regarding Aegis' actions predominate over any individual questions.  Aegis has acted or refused to act on grounds

generally applicable to all members of the class, making final declaratory and injunctive relief and the award of monetary damages appropriate with respect to the class as a whole.

## COUNT I

### DELAWARE WAGE PAYMENT AND COLLECTION ACT

Defendant's knowing and willful failure to pay Plaintiffs and class members wages due for all work performed (including work beyond the Regular Schedule and work in more highly paid positions) violates the Delaware Wage Payment and Collection Act ("WPCA"), 19 Del. C. § 1101, *et seq.* This claim is brought pursuant to 19 Del. C. § 1113.

## COUNT II

### BREACH OF CONTRACT

Defendant's failure to pay Plaintiffs and class members wages due for all work performed (including work beyond the Regular Schedule and work in more highly paid positions) constitutes breach of contract under the common law of Delaware.

## COUNT III

### QUANTUM MERUIT

Defendant's failure to pay Plaintiffs and class members wages due for all work performed (including work beyond the Regular Schedule and work in more highly paid positions) renders Defendant liable for restitution under the Delaware common-law doctrine of quantum meruit in the event that Plaintiffs cannot recover under contract.

## COUNT IV

### UNJUST ENRICHMENT

Defendant's failure to pay Plaintiffs and class members wages due for all work performed (including work beyond the Regular Schedule and work in more highly paid positions) renders Defendant liable for restitution under the Delaware common-law doctrine of unjust enrichment in the event that Plaintiffs cannot recover under contract.

## COUNT V

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant's failure to pay Plaintiffs and class members wages due for all work performed (including work beyond the Regular Schedule and work in more highly paid positions) renders Defendant liable for breach of the covenant of good faith and fair dealing under the common law of Delaware.

## COUNT VI

### PROMISSORY ESTOPPEL

Defendant's failure to pay Plaintiffs and class members wages due for all work performed (including work beyond the Regular Schedule and work in more highly paid positions) renders Defendant liable under the Delaware common-law doctrine of promissory estoppel.

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action, pursuant to Fed. R. Civ. P. 23;

2. Restitution for all wages of which Plaintiffs and class members were deprived;

3. Liquidated damages under the WPCA;

4. Restitution for all breaches of contract and other violations alleged herein;

5. Attorneys' fees and costs; and

6. Any other relief to which Plaintiffs and class members may be entitled.

Respectfully submitted,
JASON BOATRIGHT, RYAN CHAPMAN, ANN LE, BRYAN MARSHALL,
and all others similarly situated,
By their attorneys,

Nicholas Woodfield, Esq.
VSB# 48938
R. Scott Oswald, Esq.
VSB# 41770
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
nwoodfield@employmentlawgroup.com;
soswald@employmentlawgroup.com

Hillary Schwab, Esq.
*pro hac vice* application forthcoming
Shannon Liss-Riordan, Esq.
*pro hac vice* application forthcoming
Brant Casavant, Esq.
*pro hac vice* application forthcoming
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
(617) 994-5801 (facsimile)
hschwab@llrlaw.com; bcasavant@llrlaw.com

*Counsel for Plaintiffs*

Dated:      January 18, 2013